In re: **Hunter W. SMITH, Debtor,**

**The Cadle Company, Dan Joint Venture, Appellants,**

v.

**Hunter W. Smith, Appellee.**

**No. 08–2127–bk.**

United States Court of Appeals, Second Circuit.

March 31, 2009.

I. & N. Dec. 710 (A.G.2009) on ineffectiveness and tolling claims.

Richard M. Levy, Kroll, McNamara, Evans & Delehanty, LLP, West Hartford, CT, for Appellants.

James C. Graham, Pepe & Hazard LLP, Hartford, CT, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. CHRISTOPHER F. DRONEY, District Judge.*

## SUMMARY ORDER

Appellants–Creditors commenced an adversary proceeding in the bankruptcy case of Appellee–Debtor Hunter W. Smith, seeking denial of his Chapter 7 discharge on the grounds that Smith, acting with an intent to hinder or defraud his creditors, improperly transferred funds to his wife before filing for bankruptcy. The bankruptcy court rejected Creditors' arguments and allowed the discharge after concluding that Creditors had failed to demonstrate the requisite intent. The District Court affirmed. Creditors' appeal, arguing that the bankruptcy court erred in failing to find that Smith's transfers were made with intent to hinder, delay or defraud them.

The question of whether Debtor acted with intent to hinder or defraud his creditors is a question of fact. *See, e.g., In re Bonnanzio,* 91 F.3d 296, 301 (2d Cir.1996). We review a bankruptcy court's factual findings for clear error. *In re Chalasani,* 92 F.3d 1300, 1306 (2d Cir.1996); *see also* FED. R. BANKR.PROC. 8013 ("Findings of

---

* The Honorable Christopher F. Droney, United States District Court for the District of Connecticut, sitting by designation.

fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). We will reverse the bankruptcy court only if we are "left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir.2001) (quotation marks omitted).

Having reviewed the record, we find no clear error in the bankruptcy court's opinion. We need not consider whether, as some courts have suggested, our Circuit applies a "more lenient standard" to the phrase "hinder or delay" in Section 727 of the Bankruptcy Code, *see In re Marra*, 308 B.R. 628, 630–31 (D.Conn.2004), because Appellants have failed to show clear error under any standard.

We have considered all of Appellant's claims, and find them to be meritless. Accordingly, we AFFIRM the judgment of the District Court.